a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| JOSEPH KURZ #169198,<br>Plaintiff | CIVIL DOCKET NO. 5:21-CV-01965<br>SEC P |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| DARREL VANNOY,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, filed by *pro se* Petitioner Joseph Kurz ("Kurz"). Kurz is an inmate in the custody of the Louisiana Department of Corrections at the Louisiana State Penitentiary in Angola, Louisiana. Kurz challenges his aggravated rape conviction and sentence imposed in the First Judicial District Court, Caddo Parish.

Because Kurz's Petition is untimely, it should be DENIED and DISMISSED.

I. Background

Kurz was convicted of aggravated rape and sentenced to life imprisonment. *State v. Kurz*, 245 So.3d 1219 (La. App. 2 Cir. 2018). Kurz's conviction was affirmed on appeal, and his sentence was amended to 50 years of incarceration. *Id.* The Louisiana Supreme Court denied writs on January 18, 2019. *State v. Kurz*, 262 So.3d 285 (La. 2019). Kurz sought review in the United States Supreme Court, which was denied on April 29, 2019. *Kurz v. Louisiana*, 139 S.Ct. 1624 (Mem) (2019).

1

Kurz filed an application for post-conviction relief in the trial court, dated February 26, 2020. ECF No. 1-4 at 14. The application was denied. ECF No. 1-4 at 65-70. The Louisiana Supreme Court denied writs March 23, 2021. *State v. Kurz*, 312 So.3d 1105, 2021-00157 La. 3/23/21 (La. 2021).

On June 25, 2021, Kurz's § 2254 Petition was received by the Louisiana State Penitentiary Legal Programs Department for filing. ECF No. 1-5 at 1.

II.   Law and Analysis

   A.   Kurz's Petition (ECF No. 1) is subject to screening under Rule 4 of the Rules Governing § 2254 Cases.

Rule 4 of the Rules Governing § 2254 Cases provides that, following an examination of the pleadings by a court, "'[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified.'" *See Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (quoting the Rules Governing § 2254 Cases).

   B.   Kurz's Petition is untimely.

In 1996, as part of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Congress enacted 28 U.S.C. § 2244(d), which provides a one-year statute of limitations for filing applications for writs of habeas corpus by persons in custody pursuant to the judgment of a state court. The limitations period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. . . ." 28 U.S.C. § 2244(d)(1)(A).

Federal courts may raise the one-year limitations period *sua sponte. See Kiser v. Johnson*, 163 F.3d 326 (5th Cir. 1999).

Kurz's conviction became final at the conclusion of direct review when the United States Supreme Court denied writs. *Kurz v. Louisiana*, 139 S.Ct. 1624 (Mem) (2019). Kurz generally had one year - until April 29, 2020 - within which to file a § 2254 Petition.

The statutory tolling provision of § 2244(d)(2) provides that the time during which a properly filed application for post-conviction relief is pending in state court is not counted toward the limitations period. *See Ott v. Johnson*, 192 F.3d 510, 512 (5th Cir. 1999). However, any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitations period. *See Villegas v. Johnson*, 184 F.3d 467, 472 (5th Cir. 1999) (citing *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir. 1998)).

Kurz's application for post-conviction relief was signed February 26, 2020[1]. ECF No. 1-4 at 14. The application remained pending in the Louisiana courts through March 23, 2021, when the Louisiana Supreme Court denied writs. *State v. Kurz*, 312 So.3d 1105, 2021-00157 La. 3/23/21 (La. 2021). The time in which Kurz's post-conviction application was pending in the state courts is not counted toward the one-year AEDPA limitations period, but the 303 days that lapsed between the finality

---

[1] Kurz's application was actually filed on March 2, 2020. However, under the "prison mailbox rule," a *pro se* inmate's pleading is considered "filed" when the inmate delivers it to the prison authorities for mailing. *Houston v. Lack*, 487 U.S. 266 (1988); *Fallen v. United States*, 378 U.S. 139, 144 (1964). For this Report and Recommendation, the Court assumes that Kurz tendered the application for filing on the day it was signed.

of direct review—April 29, 2019—and the filing of his post-conviction application—February 26, 2020—are counted against the one-year term. There were 62 days remaining after post-conviction review was completed on March 23, 2021.

Kurz tendered his § 2254 Petition to the Louisiana State Penitentiary Legal Programs Department on June 25, 2021. ECF No. 1-5 at 1. However, by that time, the one-year limitations period had already expired. To be timely, Kurz's Petition had to be submitted for filing by Monday, May 24, 2021.

C.   Kurz is not entitled to equitable tolling.

Although the AEDPA's one-year statutory deadline can be equitably tolled in exceptional circumstances, there is no justification for doing so in this case. *See Holland v. Florida*, 560 U.S. 631 (2010); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998).

A petitioner bears the burden of proof to invoke equitable tolling. *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). To be entitled to equitable tolling, a petitioner must show diligent pursuit of rights, and some extraordinary circumstance prevented timely filing. *See Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010). Highlighting the doctrine's limited scope, the Fifth Circuit has stated that "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Clarke v. Rader*, 721 F.3d 339, 344 (5th Cir. 2013) (citing *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (internal quotation marks omitted)).

Kurz does not allege that he was misled by the Defendant or otherwise prevented from timely filing his Petition.

### III. Conclusion

Because Kurz's § 2254 Petition is untimely, IT IS RECOMMENDED that the Petition (ECF No. 1) be DENIED and DISMISSED WITH PREJUDICE.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a circuit justice or district judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within 14 days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. *See* 28 U.S.C. § 2253(c)(2). A

courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

SIGNED on Friday, September 10, 2021.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE